**In re Petition for DISCIPLINARY ACTION AGAINST Carol A. COLLINS, a Minnesota Attorney, Registration No. 17942.**

**No. CX–01–1798.**

Supreme Court of Minnesota.

April 17, 2003.

### ORDER

On September 26, 2002, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action against respondent Carol A. Collins. Respondent filed a general denial denying any misconduct. This court appointed the Honorable Warren E. Litynski, Judge of District Court, as referee to hear the matter.

Respondent submitted to the referee a letter from her expert witness in which the expert states that respondent suffers from a disability. Respondent also submitted an affidavit in which she states that this expert has concluded that as a result of her disability, respondent is "unable to participate in [her] defense or represent clients."

On March 31, 2003, the referee filed a recommendation with this court recommending that respondent be transferred to disability inactive status under Rule 28, Rules on Lawyers Professional Responsibility (RLPR), and that further action on the petition for disciplinary action filed against her be stayed until such time as respondent seeks reinstatement to the practice of law. The referee states in his recommendation that neither respondent nor the Director oppose his recommendation.

This court has independently reviewed the file and concludes that staying the disciplinary proceedings and transferring respondent to disability inactive status is appropriate. The court further concludes that, as part of the stay of disciplinary proceedings, all motions pending before the referee shall also be stayed.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Carol A. Collins is transferred to disability inactive status under Rule 28, RLPR, effective immediately. Further proceedings in this matter, including motions pending before the referee, are stayed until such time as respondent

---

moves for reinstatement. Upon the filing of a petition for reinstatement to active status, the stay of the disciplinary proceedings will automatically be lifted and a hearing and decision on the pending petition for disciplinary action will be required as a precondition to reinstatement in addition to the requirements of Rules 28(d) and 18, RLPR. Respondent shall comply with Rule 26, RLPR.

BY THE COURT:

/s/ Paul H. Anderson
Associate Justice